United States District Court
Southern District of Texas
**ENTERED**
October 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| Raymundo Orozco and Leticia Orozco, § § § § | |
| *Plaintiffs*, § | Civil Action No. 4:24-cv-02709 |
| v. § § | |
| Costco Wholesale Corporation, § § § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

In this personal injury suit, Plaintiff Raymundo Orozco, joined by his wife Leticia, seeks recovery for injuries that he sustained at a Costco store. *See* Dkt. 15 at 2. Defendant Costco Wholesale Corporation filed a motion for summary judgment on all claims. Dkt. 28. After carefully considering Costco's motion, Dkt. 28, Plaintiffs' response, Dkt. 29, Costco's reply, Dkt. 30, the record, and the applicable law, the Court concludes that summary judgment should be granted.

## Background

In July 2022, Raymundo Orozco was shopping for flooring at a Costco store in Pearland, Texas. Dkt. 15 at 2. When Orozco attempted to purchase a box of vinyl flooring, tiles fell out of an open box, striking and injuring his right

knee and foot. Dkt. 15 at 2; *see also* Dkt. 29-1 at 1 (photo showing open box of vinyl flooring).

Plaintiffs filed a negligence suit in state court, which Costco removed to this Court based on diversity jurisdiction. Dkt. 1 at 1-2; *see also* Dkt. 22 (joint statement regarding parties' citizenships). Plaintiffs amended their pleading without materially altering their claim. *See* Dkt. 15.

After discovery closed, Costco moved for summary judgment. Dkt. 28 (filed August 13, 2025); *see also* Dkt. 13 (July 25, 2025 discovery deadline). Plaintiffs responded, Dkt. 29, and Costco replied. Dkt. 30. The motion is ripe for resolution.

## **Legal Standard**

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (quotation omitted). "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party …." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001). In addition, courts must credit all reasonable inferences from the evidence, without "weigh[ing] evidence or mak[ing] credibility findings." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022). But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hou.*, 337 F.3d 539, 541 (5th Cir. 2003)).

## Analysis

In its motion, Costco argues that Plaintiffs cannot recover under a general negligence theory because their allegations sound in premises liability only. Dkt. 28 at 3-5. As for the premises liability claim, Costco asserts there is no evidence that it had actual or constructive knowledge of the alleged hazard, namely the open box of tiles. *Id.* at 6-9.

Plaintiffs do not dispute that their general negligence theory is barred. Although they assert that fact issues preclude summary judgment on their premises liability theory, they neither cite nor attach any evidence indicating that Costco knew or should have known about the open box before Orozco was injured. *See* Dkt. 29 at 2 (asserting without evidence that "Costco knew or should have known" of the condition); Dkt. 29-1 (photos of the box); Dkt. 29-2 (incident report).

Instead, Plaintiffs mistakenly assert that Costco must negate "all of the elements" of Plaintiffs' claim. Dkt. 29 at 3. That is not the standard, which permits Costco, the moving party to "make a proper summary motion, with an allegation that the nonmovant has failed to establish an element essential to that party's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Because Plaintiffs have not raised a fact issue on the challenged aspects of their claims, summary judgment is warranted.

## I.     Plaintiffs do not have a cognizable negligence claim.

Costco is correct that Plaintiffs' negligence claim is legally flawed. *See* Dkt. 28 at 3-6. Plaintiffs do not argue otherwise.

Under Texas law, negligence and premises liability claims are separate and distinct theories with different elements of proof. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775-76 (Tex. 2010). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary

4

negligence principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).  In contrast, premises liability principles apply "[w]hen the injury is the result of the property's condition rather than an activity ...."  *Id.*  "Underpinning the distinctions between these claims is the principle that 'negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2018) (quoting *Del Lago*, 307 S.W.3d at 776).

Most of Plaintiffs' allegations complain about various omissions, from failing to properly inspect or stack the boxes, to failing to properly supervise personnel or implement protective policies, to failing to provide certain warnings.  *See* Dkt. 15 at 3-4.  Those allegations state a premises liability claim, rather than a negligent activity claim.  *See, e.g.*, *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) (noting that an owner's "premises-liability duty to invitees" includes a duty to make the premises reasonably safe or to adequately warn of danger); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007) (allegations about failure to adequately inspect or maintain a bridge asserted a premises defect claim and not a "contemporaneous-activity negligence cause of action").

Plaintiffs also allege that Costco did not properly seal the boxes (plural), *see* Dkt. 15 at 3, even though their own photos show that only a single box was open, *see* Dkt. 29-1 at 1.  There is no evidence that Costco, a retailer, packaged the tiles or determined how they would be packaged.  More fundamentally, nothing reflects that any Costco personnel undertook contemporaneous actions that caused the tiles to fall and injure Orozco.  *See Keetch*, 845 S.W.2d at 264 (injury stemming from pool of water sprayed by employee thirty minutes earlier did not support a negligent activity claim).  There is no basis for Plaintiffs' general negligence claim.

## II. Plaintiffs offer no evidence that Costco had actual or constructive knowledge of the alleged hazard.

Citing Orozco's deposition testimony, Costco argues that Plaintiffs cannot raise a fact issue on an essential element of their premises liability claim.  Dkt. 28 at 6-9.  The challenged element is whether Costco knew or should have known that the box of tiles was torn open.  *Id.*; *see Gonzalez v. Walgreen Co.*, 140 F.4th 663, 669 (5th Cir. 2025) (requiring that (1) the property owner had actual or constructive knowledge of the injury-causing condition; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to take reasonable care to reduce or eliminate the risk; and (4) the failure to use reasonable care to reduce or eliminate the risk proximately caused the

plaintiff's injury); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) (emphasizing this predicate to triggering the owner's duty of care).

There are multiple ways to satisfy the knowledge requirement. For instance, a plaintiff could show that the owner either affirmatively knew about the hazard or "had a policy or practice that it knew routinely created an unreasonable risk of harm." *Gonzalez*, 140 F.4th at 672 (quoting *Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 319 (Tex. 2024)). Alternatively, a plaintiff can demonstrate constructive knowledge through "proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). Among other things, this demands temporal evidence "that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Gonzalez*, 140 F.4th at 672 (quoting *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)).

Plaintiffs have submitted no evidence of actual or constructive knowledge. Actual knowledge is foreclosed because nothing suggests that Costco's personnel knew that the box had been opened, opened the box themselves, or knew that boxes were routinely being ripped open. Orozco admitted that he did not know who opened the box or whether any Costco employee knew about it. Dkt. 28-1 at 5-6. Proof of constructive knowledge is similarly lacking because no evidence indicates when the box was open, much

7

less that it was open for a long enough time that Costco should have noticed it. Indeed, Orozco conceded that he had no such proof. Dkt. 28-1 at 6 ("Q: Do you have evidence as to when the box of vinyl flooring was open?  A.  No.").

Absent proof that Costco knew or should have known about the open box, Costco had no duty to address it. Plaintiffs' premises liability theory therefore fails. Costco is entitled to summary judgment on all claims.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Costco Wholesale Corporation's motion for summary judgment (Dkt. 28) is **GRANTED**, and that Plaintiffs Raymundo Orozco and Leticia Orozco's negligence and premises liability claims be **DISMISSED** with prejudice.

Signed on October 30, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge